—————o—————

No. 4702.

Court of Appeal, Parish of Orleans.

MARGUERITE J. BAYHI VS. ARTHUR McGUIRK.

Appeal from Civil District Court, Division ''B.''

Henriques & Duchamp, for Plaintiff and Appellee.

McCloskey & Benedict, Chas. Rosen, for Defendant and Appellant.

ESTOPINAL, J. The issues involved in this case are identical with those in the case of Widow John Heppler vs. Arthur

·McGuirk, decided this day, and for the reasons assigned therein, the judgment appealed from is avoided, set aside and reversed.

Dufour, J., dissents.

April 7th, 1909.

Rehearing refused April 19, 1909.

Writ denied by Supreme Court April 27, 1909.

## DISSENTING OPINION.

DUFOUR, J. 1st. That the ownership of the certificates being admitted in the plaintiffs, the defendant's rights to retain the same must depend upon the validity of his contract and the extent of his privileges thereunder.

2nd. That any presumption or evidence may be urged, under the pleadings, to defeat the claims made under such contract.

3rd. That the original contract provided for the collection of the claims of 1885, 1886 and 1887, irrespective of ways and means, and that, hence, there existed no consideration for the increased compensation allowed in the second contract.

4th. That the alleged new services described in the second contract were practically not legal in their nature.

5th. That there is nothing in the record to directly or indirectly fasten upon Mr. McGuirk any actual fraud in the premises, but that, in a case of this kind, every doubt should be resolved in favor of the client and against the attorney.

6th. That, because of a failure to obtain a judicial sanction of the second contract, the defendant cannot be deprived of his accrued rights under the first, and no revocation can affect the fee that he has earned.

There should be judgment ordering defendant to deliver the certificates sued on upon his receiving from plaintiff ten per cent of the amount of principal and interest recovered.

I therefore respectfully dissent.

April 7th, 1909.